IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SUSANNE VESS-LOWE**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-33-L** |
| § | |
| **DOLLAR GENERAL CORPORATION**, § | |
| d/b/a DOLGENCORP OF TEXAS, INC., § | |
| d/b/a DOLLAR GENERAL STORE #4743, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed February 8, 2010. After careful consideration of the motion, response, record, and applicable authority, the court, for the reasons stated, **denies** Plaintiff's Motion to Remand.[*]

**I.   Background**

Susanne Vess-Lowe ("Plaintiff" or "Vess-Lowe") filed this action against Dollar General Corporation, d/b/a Dolgencorp of Texas, Inc., d/b/a Dollar General Store # 4743 ("Defendant") in the 40th Judicial District Court, Ellis County, Texas, on December 7, 2009. Plaintiff contends that she was on Defendant's property, encountered a large puddle of substance on the floor, slipped and fell backwards on her hip and left wrist. She contends that the substance created an unreasonably dangerous condition in that Defendant did not clean it up or put out notices to warn of its presence, despite having time to do so. Plaintiff alleges that Defendant was negligent in a number of respects

---

[*]Plaintiff Susanne Vess-Lowe did not file a reply to Defendant Dollar General Corporation's response.

**Memorandum Opinion and Order - Page 1**

and that the alleged negligence was the proximate cause of the injuries she suffered. She seeks damages for physical pain and suffering, mental anguish, physical impairments, loss of earnings and earning capacity, and reasonable and necessary medical expenses. With respect to these alleged damages, Plaintiff seeks past and future damages.

On January 9, 2010, Defendant removed this action to federal court, contending that complete diversity existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. In Plaintiff's Motion to Remand, Vess-Lowe contends that, because she did not allege or specify the amount in controversy in Plaintiff's Original Petition ("Petition"), Defendant has the burden to establish that the amount in controversy exceeds the jurisdictional threshold. Plaintiff further contends that the current state of Texas law and the available defenses make "*any recovery by Plaintiff tenuous,* and certainly present[] a grave challenge to meet or exceed Federal minimum jurisdiction limits." Pl.'s Mot. to Remand ¶ 6 (emphasis in original). Defendant responds that Plaintiff sought $250,000 in a demand letter to settle her claims before suit was filed and that the amount-in-controversy requirement has therefore been met.

**II.     Applicable Law**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. This action does not involve a case arising under federal law, and the parties do not dispute that diversity of citizenship exists between the parties. The issue that the court therefore must decide is whether the amount in controversy exceeds $75,000.

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

**Memorandum Opinion and Order - Page 3**

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.   Analysis

Plaintiff's Petition does not state an amount, and it contains nothing to affirmatively reveal that the jurisdictional minimum has been met. The remand question turns on whether the demand letter establishes that the amount in controversy exceeds $75,000. The court found no cases wherein the Fifth Circuit has expressly held that a pre-suit demand letter could be used as evidence to determine whether the amount-in-controversy requirement has been met; however, at least three cases from this circuit have, in practice, considered or commented on statements made in demand letters filed prior to removal as evidence of the amount in controversy: *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910-11 (5th Cir. 2002); *St. Paul Reinsurance*, 134 F.3d at 1254-55; and *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994). The court finds these cases illustrative and persuasive. Moreover, one district court in a published opinion has expressly held that a pre-suit demand letter may be relied on to determine whether a defendant has met its burden in establishing that the amount in controversy satisfied the jurisdictional threshold. *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

In light of this authority, the court determines that the pre-suit demand or settlement offer is relevant and significant to the amount in controversy in this case because it is compelling evidence of Plaintiff's assessment of the value of her case. The court realizes that there is a certain degree of subjectivity in the assessment of value of a case for settlement purposes; however, the court determines that, for the reasons herein stated, the demand letter constitutes Plaintiff's reasonable belief of the settlement value of her case at the time demand was made in February 2009.

First, the demand letter seeks more than three times the jurisdictional threshold. Second, the demand letter in no way suggests that Plaintiff will not incur additional costs and medical treatment, as it merely states the amount of special damages incurred as of February 10, 2009. Given the implication of additional costs and medical treatment, the value of Plaintiff's claim would increase above the amount in the demand letter. Third, as noted, Plaintiff did not file a reply to Defendant's response to Plaintiff's Motion to Remand. Fourth, she offered no evidence to disavow or withdraw the demand letter, or otherwise state that the $250,000 demand was not a reasonable evaluation of her case. Other than the conclusory remarks made by Plaintiff in her motion to remand, she offers nothing of substance to dispute the amount demanded in her letter, and by failing to address the letter, she necessarily acknowledges that Defendant has met the amount-in-controversy requirement. The court therefore concludes that the demand letter provides sufficient evidence of the amount in controversy in this action and that Defendant has met its burden in establishing that the $75,000 minimum jurisdictional amount has been met.

## IV. Conclusion

For the reasons herein stated, Defendant has carried its burden in establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 10th day of May, 2010.

Sam A. Lindsay
United States District Judge